**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Jennifer L. Liu
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Keith M. Stern (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

RECEIVED
JUN 1 0 2013
U.S.D.C. S.D. N.Y.
CASHIERS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NICHOLAS CLEM, ERIC DOBSON, HEATHER GRAHAM, CAITLIN CASTERLIN, SHELBY KAMM, and DEREK RUNNELLS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KEYBANK, N.A., <br><br> Defendant. | **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** <br><br> No 13 Civ 789 (JCF) |

Plaintiffs Nicholas Clem, Eric Dobson, Heather Graham, Caitlin Casterlin, Shelby Kamm, and Derek Runnells (collectively, the "Plaintiffs" or the "Named Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys at Outten & Golden LLP and the Shavitz Law Group, P.A., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation for Plaintiffs and their similarly situated co-workers who have been employed by KeyBank as Client Service Managers, or in similar positions however variously titled ("CSMs"), in the United States.

1

2.      Plaintiffs, former CSMs employed by Defendant KeyBank, N.A. ("KeyBank" or "Defendant"), bring this action on behalf of themselves and other similarly situated current and former CSMs who worked overtime for Defendant, but were unlawfully denied overtime premium pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and state law.

3.      KeyBank is one of the nation's largest bank-based financial services companies and provides deposit, lending, cash management and investment services to individuals and small businesses in Alaska, Colorado, Connecticut, Idaho, Indiana, Kentucky, Maine, Michigan, New York, Ohio, Oregon, Utah, Vermont, and Washington.  KeyBank employs CSMs such as Plaintiffs and others similarly situated at its branch locations nationwide.

4.      CSMs are required to perform a variety of sales, customer service, and operations duties including, but not limited to: providing customer service to bank customers and resolving customer issues and complaints; referring customers to various KeyBank professionals and specialists such as financial advisors and mortgage officers; selling financial products and services; working as a teller; working as a personal banker; and conducting regulatory and security audits.

5.      Upon information and belief, KeyBank fails to pay its CSMs, including Plaintiffs, the overtime wages to which CSMs, including Plaintiffs, are entitled.

6.      Upon information and belief, at all material times, KeyBank has classified all of its CSMs as exempt from overtime pay requirements under federal and state law.

7.      By the conduct described in this Complaint, KeyBank willfully violated the FLSA and state law by failing to pay its CSMs, including Plaintiffs, proper overtime wages as required by law.

8.    Plaintiffs seek to recover unpaid wages that KeyBank owes them and similarly situated current and former KeyBank CSMs. They bring this action under the FLSA on behalf of themselves and all similarly situated current and former CSMs who elect to opt into this action pursuant to the collective action provision of the FLSA, 29 U.S.C. § 216(b).

9.    Plaintiffs Nicholas Clem and Eric Dobson bring this action on behalf of themselves and all similarly situated current and former employees of Defendant who worked in Washington pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Washington RCW 49.46.130 and WAC 296-128-550, including RCW 49.12.020 and WAC 296-126-092, and supporting regulations, interpretations, and case law (collectively "Washington Wage Laws").

10.    Plaintiff Heather Graham and Caitlin Casterlin bring this action on behalf of themselves and all similarly situated current and former employees of Defendant who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (collectively "NYLL").

11.    Plaintiff Shelby Kamm brings this action on behalf of herself and all similarly situated current and former employees of Defendant who worked in Colorado pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Colorado Wage Act, C.R.S. 8-4-101, *et seq.* and Colorado Wage Order No. 29, 7 C.C.R. 1103-1, C.C.H. 6-41,801 *et seq.* (collectively "Colorado Wage Laws").

12.    Plaintiff Derek Runnells brings this action on behalf of himself and all similarly situated current and former employees of Defendant who worked in Maine pursuant to Federal

3

Rule of Civil Procedure 23 to remedy violations of the Maine Revised Statutes, Title 26, §§ 663, 664 ("Maine Wage Laws").

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and diversity jurisdiction under 28 U.S.C. § 1332.

14.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.     This Court also has supplemental subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

17.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to the claims in this Complaint occurred within the jurisdiction and State within which this Court sits so as to give rise to venue and personal jurisdiction. Defendant is subject to personal jurisdiction in New York.

## THE PARTIES

### Plaintiff Nicholas Clem

18.     Plaintiff Nicholas Clem is an adult individual who is a resident of Seattle, Washington.

19.     Clem was employed by KeyBank from approximately April 2008 through August 2011.

20.     From approximately December 2009 to August 2011, Clem worked for KeyBank as a CSM in KeyBank's branch located in North Seattle, Washington.

4

21.     Pursuant to KeyBank's policy and pattern or practice, Clem regularly performed work as a CSM for KeyBank's benefit without proper compensation.  KeyBank did not pay Clem a proper overtime premium for hours he worked as a CSM for KeyBank's benefit in excess of forty (40) hours in a workweek.

22.     Clem is a covered employee within the meaning of the FLSA and Washington Wage Laws.

23.      Clem has consented to join this lawsuit by filing a written consent form.  ECF No. 1.

### Plaintiff Eric Dobson

24.     Plaintiff Eric Dobson is an adult individual who is a resident of Kirkland, Washington.

25.     Dobson was employed by KeyBank from approximately August 2008 through October 2010.

26.     From approximately July 2010 to October 2010, Dobson worked for KeyBank as a CSM in KeyBank's branch located in Inglewood, Washington.

27.     Pursuant to KeyBank's policy and pattern or practice, Dobson regularly performed work as a CSM for KeyBank's benefit without proper compensation.  KeyBank did not pay Dobson a proper overtime premium for hours he worked as a CSM for KeyBank's benefit in excess of forty (40) hours in a workweek.

28.     Dobson is a covered employee within the meaning of the FLSA and Washington Wage Laws.

29.     Dobson has consented to join this lawsuit by filing a written consent form.  ECF No. 1.

### Plaintiff Heather Graham

30.     Plaintiff Heather Graham is an adult individual who is a resident of Fayetteville, New York.

31.     Graham was employed by KeyBank from approximately December 2008 through June 2011.

32.     From approximately December 2008 through June 2011, Graham worked for KeyBank as a CSM in KeyBank's Eastwood branch located in Syracuse, New York.

33.     Pursuant to KeyBank's policy and pattern or practice, Graham regularly performed work as a CSM for KeyBank's benefit without proper compensation.  KeyBank did not pay Graham a proper overtime premium for hours she worked as a CSM for KeyBank's benefit in excess of forty (40) hours in a workweek.

34.     Graham is a covered employee within the meaning of the FLSA and NYLL.

35.     Graham has consented to join this lawsuit by filing a written consent form.  ECF No. 1.

### Caitlin Casterlin

36.     Plaintiff Caitlin Casterlin is an adult individual who is a resident of Albany, New York.

37.     Casterlin was employed by KeyBank from approximately May 2009 to August 2011.

38.     From approximately May 2009 through November 2009, Casterlin worked for KeyBank as a CSM in KeyBank's Elsmere Plaza branch located in Delmar, New York.  From approximately April 2011 to August 2011, Casterlin worked for KeyBank as a CSM in KeyBank's New Karner Road branch located in Albany, New York.

39.     Pursuant to KeyBank's policy and pattern or practice, Casterlin regularly performed work as a CSM for KeyBank's benefit without proper compensation.  KeyBank did not pay Casterlin a proper overtime premium for hours she worked as a CSM for KeyBank's benefit in excess of forty (40) hours in a workweek.

40.     Casterlin is a covered employee within the meaning of the FLSA and NYLL.

41.     Casterlin has consented to join this lawsuit by filing a written consent form.  ECF No. 1.

**Shelby Kamm**

42.      Plaintiff Shelby Kamm is an adult individual who is a resident of Frontline, Colorado.

43.     Kamm was employed by KeyBank from approximately January 2011 to November 2011 as a CSM in Fort Collins, Colorado.

44.     Pursuant to KeyBank's policy and pattern or practice, Kamm regularly performed work as a CSM for KeyBank's benefit without proper compensation.  KeyBank did not pay Kamm a proper overtime premium for hours she worked as a CSM for KeyBank's benefit in excess of forty (40) hours in a workweek.

45.     Kamm is a covered employee within the meaning of the FLSA and the Colorado Wage Law.

46.     Kamm has consented to join this lawsuit by filing a written consent form.  ECF No. 25.

### Derek Runnells

47.     Plaintiff Derek Runnells is an adult individual who is a resident of Brewer, Maine.

48.     Runnells was employed by KeyBank from approximately March 2010 to July 2011.

49.     From approximately March 2010 through July 2011, Runnells worked for KeyBank as a CSM in KeyBank's Mid Mall branch located in Bangor, Maine.

50.     Pursuant to KeyBank's policy and pattern or practice, Runnells regularly performed work as a CSM for KeyBank's benefit without proper compensation.  KeyBank did not pay Runnells a proper overtime premium for hours he worked as a CSM for KeyBank's benefit in excess of forty (40) hours in a workweek.

51.     Runnells is a covered employee within the meaning of the FLSA and the Maine Wage Laws.

52.     A written consent form for Runnells is attached hereto as Exhibit A.

### Defendant

53.     KeyBank is a national banking association with its headquarters located in Cleveland, Ohio.

54.     Defendant employed Plaintiffs and other similarly situated current and former employees.

55.     Defendant provides deposit, lending, cash management and investment services to individuals and small businesses in Alaska, Colorado, Connecticut, Idaho, Indiana, Kentucky, Maine, Michigan, New York, Ohio, Oregon, Utah, Vermont, and Washington.

8

56.    Defendant had the power to control the terms and conditions of employment of Plaintiffs and the members of the putative class, including those relating to the FLSA violations alleged herein.

57.    Defendant is a covered employer within the meaning of the FLSA, Washington Wage Laws, and NYLL, Colorado Wage Law and Maine Wage Law, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

58.    At all times relevant, Defendant maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

59.    Defendant applies the same employment policies, practices, and procedures to all CSMs.

60.    At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

61.    KeyBank is the entity listed on Plaintiffs' paystubs and W-2s.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

62.    Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who elect to opt into this action who work or have worked for KeyBank as CSMs (or in comparable roles with different titles) in branch offices of KeyBank nationwide at any time between February 4, 2010 and the date of final judgment in this matter (the "FLSA Collective").

63.    Plaintiffs and other CSMs are similarly situated in that they have substantially similar job duties and are subject to Defendant's common compensation policies, patterns, and/or

practices, including without limitation Defendant's misclassification of CSMs as being exempt from the protections of the FLSA.

64.     KeyBank is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. There are many similarly situated current and former KeyBank CSMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to KeyBank, are readily identifiable, and can be located through KeyBank's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

65.     All the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all the work that Plaintiffs and the FLSA Collective have performed.

66.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

      a.      willfully failing to pay Plaintiffs and the members of the FLSA Collective, overtime wages for hours that they worked in excess of forty (40) hours per workweek;

      b.      willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

      c.      willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendant.

67.     Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of forty (40) per workweek.

68.     Plaintiffs and the FLSA Collective all perform or performed the same primary duty.

## CLASS ACTION ALLEGATIONS

### The Washington Class

69.     Plaintiffs Clem and Dobson (the "Washington Plaintiffs") bring the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Washington Plaintiffs and a class of persons (the "Washington Class") consisting of all persons who have worked for Defendant as CSMs (or in comparable roles with different titles) in the State of Washington at any time between February 4, 2010 and the date of final judgment in this matter (the "Washington Class Period").

70.     Excluded from the Washington Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Washington Class.

71.     The persons in the Washington Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Washington Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

72.     Upon information and belief, the size of the Washington Class is at least 50 workers.

73.     Defendant acted or refused to act on grounds generally applicable to the Washington Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Washington Class as a whole.

74.     The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Washington Class that predominate over any questions solely affecting individual members of the Washington Class, including but not limited to:

    a.    whether Defendant failed to keep true and accurate time records for all hours worked by the Washington Plaintiffs and the Washington Class;

    b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.    whether Defendant failed and/or refused to pay the Washington Plaintiffs and the Washington Class for all hours worked in violation of the Washington Wage Laws;

    d.    whether Defendant failed and/or refused to pay the Washington Plaintiffs and the Washington Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the Washington Wage Laws;

    e.    the nature and extent of Washington Class-wide injury and the appropriate measure of damages for the Washington Class;

    f.    whether Defendant has had a policy of failing to pay workers for time that they work;

    g.    whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    h.    whether Defendant failed to compensate the Washington Plaintiffs and the Washington Class for all work Defendant required and/or suffered or permitted them to perform; and

    i.    whether Defendant correctly calculated and compensated the Washington Plaintiffs and the Washington Class for hours worked in excess of forty (40) per workweek.

75.    The claims of the Washington Plaintiffs are typical of the claims of the Washington Class sought to be represented.    The Washington Plaintiffs and the other Washington Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week.  Defendant acted and refused to act on grounds generally applicable to the Washington Class, thereby making declaratory relief with respect to the Washington Class appropriate.

76.    The Washington Plaintiffs will fairly and adequately represent and protect the interests of the Washington Class.    The Washington Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the Washington Class to represent its interests fairly and adequately.  The Washington Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Washington Class just as they would represent and consider their own interests.    The Washington Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Washington Class.  The Washington Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Washington Class.  The Washington Plaintiffs understand that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

77.    The Washington Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.   The members of the Washington Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures.   Although the relative damages suffered by an individual member of the Washington Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

79.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### The New York Class

80.     Plaintiffs Graham and Casterlin (the "New York Plaintiffs") bring the Third Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the New York Plaintiffs and a class of persons (the "New York Class") consisting of all persons who have worked for Defendant as CSMs (or in comparable roles with different titles) in the State of New York at any time between February 4, 2007 and the date of final judgment in this matter (the "New York Class Period").

81.     Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is

assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

82. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to the New York Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

83. Upon information and belief, the size of the New York Class is at least 50 workers.

84. Defendant acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

85. The Third Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a.    whether Defendant failed to keep true and accurate time records for all hours worked by the New York Plaintiffs and the New York Class;

    b.    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c.    whether Defendant failed and/or refused to pay the New York Plaintiffs and the New York Class for all hours worked in violation of the NYLL, Article 6, §§ 190 *et seq.*

    d.    whether Defendant failed and/or refused to pay the New York Plaintiffs and the New York Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

e.   the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

f.   whether Defendant has had a policy of failing to pay workers for time that they work;

g.   whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

h.   whether Defendant failed to compensate the New York Plaintiffs and the New York Class for all work Defendant required and/or suffered or permitted them to perform; and

i.   whether Defendant correctly calculated and compensated the New York Plaintiffs and the New York Class for hours worked in excess of forty (40) per workweek.

86.   The claims of the New York Plaintiffs are typical of the claims of the New York Class sought to be represented. The New York Plaintiffs and the other New York Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week. Defendant acted and refused to act on grounds generally applicable to the New York Class, thereby making declaratory relief with respect to the New York Class appropriate.

87.   The New York Plaintiffs will fairly and adequately represent and protect the interests of the New York Class. The New York Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The New York Plaintiffs recognize that as class representatives, they must represent and consider the interests of the New York Class just as they would represent and consider their own interests. The New York Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the New York Class. The New York Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the

best interests of the New York Class. The New York Plaintiffs understand that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

88.     The New York Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

89.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

90.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

### *The Colorado Class*

91.     Plaintiff Kamm (the "Colorado Plaintiff") brings the Fourth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Colorado Plaintiff and a class of persons (the "Colorado Class") consisting of all persons who have worked for Defendant as CSMs (or in comparable roles with different titles) in the State of Colorado at any time

between June 10, 2011 and the date of final judgment in this matter (the "Colorado Class Period").

92.     Excluded from the Colorado Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Colorado Class.

93.     The persons in the Colorado Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Colorado Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

94.     Upon information and belief, the size of the Colorado Class is at least 50 workers.

95.     Defendant acted or refused to act on grounds generally applicable to the Colorado Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Class as a whole.

96.     The Fourth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Colorado Class that predominate over any questions solely affecting individual members of the Colorado Class, including but not limited to:

a.      whether Defendant failed to keep true and accurate time records for all hours worked by the Colorado Plaintiff and the Colorado Class;

b.      what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether Defendant failed and/or refused to pay the Colorado Plaintiff and the Colorado Class for all hours worked in violation of Colorado Wage Laws.

d.   whether Defendant failed and/or refused to pay the Colorado Plaintiff and the Colorado Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of Colorado Wage Laws.

e.   the nature and extent of Colorado Class-wide injury and the appropriate measure of damages for the Colorado Class;

f.   whether Defendant has had a policy of failing to pay workers for time that they work;

g.   whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

h.   whether Defendant failed to compensate the Colorado Plaintiff and the Colorado Class for all work Defendant required and/or suffered or permitted them to perform; and

i.   whether Defendant correctly calculated and compensated the Colorado Plaintiff and the Colorado Class for hours worked in excess of forty (40) per workweek.

97.     The claims of the Colorado Plaintiff are typical of the claims of the Colorado Class sought to be represented.  The Colorado Plaintiff and the other Colorado Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week.  Defendant acted and refused to act on grounds generally applicable to the Colorado Class, thereby making declaratory relief with respect to the Colorado Class appropriate.

98.     The Colorado Plaintiff will fairly and adequately represent and protect the interests of the Colorado Class.   The Colorado Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the Colorado Class to represent its interests fairly and adequately.  The Colorado Plaintiff recognizes that as a class representative, one must represent and consider the interests of the Colorado Class just as one would represent

and consider one's own interests. The Colorado Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Colorado Class. The Colorado Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Colorado Class. The Colorado Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

99.     The Colorado Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

100.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Colorado Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Colorado Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

101.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

*The Maine Class*

102.    Plaintiff Runnells (the "Maine Plaintiff") bring the Fifth Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Maine Plaintiff and a class of persons (the "Maine Class") consisting of all persons who have worked for Defendant as CSMs (or in comparable roles with different titles) in the State of Maine at any time between June 10, 2007, and the date of the final judgment (the "Maine Class Period").

103.    Excluded from the Maine Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Maine Class.

104.    The persons in the Maine Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Maine Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

105.    Upon information and belief, the size of the Maine Class is at least 50 workers.

106.    Defendant acted or refused to act on grounds generally applicable to the Maine Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Maine Class as a whole.

107.    The Fifth Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to the Maine Class that predominate over any questions solely affecting individual members of the Maine Class, including but not limited to:

a.   whether Defendant failed to keep true and accurate time records for all hours worked by the Maine Plaintiff and the Maine Class;

b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether Defendant failed and/or refused to pay the Maine Plaintiff and the Maine Class for all hours worked in violation of the Maine Wage Laws;

d.   whether Defendant failed and/or refused to pay the Maine Plaintiff and the Maine Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the Maine Wage Laws;

e.   the nature and extent of Maine Class-wide injury and the appropriate measure of damages for the Maine Class;

f.   whether Defendant has had a policy of failing to pay workers for time that they work;

g.   whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

h.   whether Defendant failed to compensate the Maine Plaintiff and the Maine Class for all work Defendant required and/or suffered or permitted them to perform; and

i.   whether Defendant correctly calculated and compensated the Maine Plaintiff and the Maine Class for hours worked in excess of forty (40) per workweek.

108.   The claim of the Maine Plaintiff is typical of the claims of the Maine Class sought to be represented.  The Maine Plaintiff and the other Maine Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per week.  Defendant acted and refused to act on grounds generally applicable to the Maine Class, thereby making declaratory relief with respect to the Maine Class appropriate.

109.   The Maine Plaintiff will fairly and adequately represent and protect the interests of the Maine Class.  The Maine Plaintiff understands that, as a class representative, one assumes a fiduciary responsibility to the Maine Class to represent its interests fairly and adequately.  The

Maine Plaintiff recognizes that as a class representative, one must represent and consider the interests of the Maine Class just as one would represent and consider one's own interests. The Maine Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Maine Class. The Maine Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Maine Class. The Maine Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

110.    The Maine Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

111.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Maine Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Maine Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

112.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

113.    Plaintiffs and the members of the FLSA Collective, the Washington Class, the New York Class, the Colorado Class, and the Maine Class (collectively, the "Rule 23 Classes") worked for KeyBank as CSMs.

114.    Upon information and belief, Plaintiffs and the members of the FLSA Collective and Rule 23 Classes worked more than forty (40) hours during most weeks in which they worked for KeyBank.

115.    KeyBank failed to pay Plaintiffs and the members of the FLSA Collective and Rule 23 Classes overtime compensation for any of the hours they worked over forty (40) in a workweek.

116.    KeyBank failed to keep accurate records of the hours that Plaintiffs and the members of the FLSA Collective and Rule 23 Classes worked.

117.    Throughout the relevant period, it has been KeyBank's policy and pattern or practice to require, suffer, or permit Plaintiffs and the members of the FLSA Collective and Rule 23 Classes to work in excess of forty (40) hours per week without paying them overtime wages.

118.    All of the work that Plaintiffs and the members of the FLSA Collective and Rule 23 Classes have performed has been assigned by KeyBank and/or KeyBank has been aware of all of the work that Plaintiffs and the members of the FLSA Collective and Rule 23 Classes have performed.

119.    Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, KeyBank

misclassified all of its CSMs as exempt from the overtime protections of the FLSA and applicable state law regardless of where they worked.

120.     KeyBank did not perform a person-by-person analysis of every CSMs' job duties in making its decision to classify all of its CSMs as exempt.

121.     Plaintiffs and all members of the FLSA Collective and Rule 23 Classes performed the same primary job duties.

122.     As part of its regular business practice, KeyBank has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective and Rule 23 Classes.  This policy and pattern or practice includes but is not limited to:

        a.      willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective and Rule 23 Classes, have worked for the benefit of KeyBank;

        b.      willfully failing to keep payroll records as required by the FLSA;

        c.      willfully misclassifying Plaintiffs and the members of the FLSA Collective and Rule 23 Classes as exempt from the requirements of the FLSA, Washington Wage Laws, and NYLL;

        d.      willfully failing to pay their employees, including Plaintiffs and the members of the FLSA Collective and Rule 23 Classes, overtime wages for hours that they worked in excess of forty (40) hours per week;

        e.      willfully failing to pay their employees timely as provided by applicable law; and

        f.      willfully failing to provide employees timely, uninterrupted meal breaks as provided by applicable law.

123.     KeyBank is aware or should have been aware that federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of forty (40) hours per week.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**On Behalf of Plaintiffs and the FLSA Collective**

124.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

125.    At all relevant times, Plaintiffs and other similarly situated current and former employees in the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

126.    The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to KeyBank.

127.    KeyBank is an employer of Plaintiffs and other similarly situated current and former employees in the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

128.    At all relevant times, Plaintiffs and other similarly situated current and former employees in the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

129.    KeyBank has failed to pay Plaintiffs and other similarly situated current and former employees in the FLSA Collective the overtime wages to which they were entitled under the FLSA.

130.    KeyBank's violations of the FLSA, as described in this Complaint, have been willful and intentional.

131.    Because KeyBank's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

132.    As a result of KeyBank's willful violations of the FLSA, Plaintiffs and other

similarly situated current and former CSMs in the FLSA Collective, including without limitation those working in similar positions with comparable titles, have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Washington Wage Laws: Unpaid Wages
### On behalf of the Washington Plaintiffs and the Washington Class

133.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

134.   At all times relevant, the Washington Plaintiffs and the members of the Washington Class have been employees and Defendant has been an employer within the meaning of the Washington Wage Laws.  The Washington Plaintiffs and the members of the Washington Class are covered by the Washington Wage Laws.

135.   Defendant employed the Washington Plaintiffs and the members of the Washington Class as an employer and/or a joint employer.

136.   Defendant failed to pay the Washington Plaintiffs and the members of the Washington Class wages to which they are entitled under the Washington Wage Laws. Defendant failed to pay the Washington Plaintiffs and the members of the Washington Class for overtime at a wage rate of one and one-half times their regular rate of pay.  Defendant failed to pay the Washington Plaintiffs and the Washington Class members overtime at wage rate of one and one-half times the basic minimum hourly rate.

137.   Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Washington Plaintiffs and the Washington Class members.

138.   Defendant's violations of the Washington Wage Laws, as described in this Class Action Complaint, have been willful and intentional.

139.   Due to Defendant's violations of the Washington Wage Laws, the Washington Plaintiffs and the members of the Washington Class are entitled to recover from Defendant their unpaid wages (including overtime wages), liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**THIRD CAUSE OF ACTION**
**NYLL:  Unpaid Wages**
**On behalf of the New York Plaintiffs and the New York Class**

140.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.   At all times relevant, the New York Plaintiffs and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the NYLL.  The New York Plaintiffs and the members of the New York Class are covered by the NYLL.

142.   Defendant employed the New York Plaintiffs and the members of the New York Class as an employer and/or a joint employer.

143.   Defendant failed to pay the New York Plaintiffs and the members of the New York Class wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.  Defendant failed to pay the New York Plaintiffs and the members of the New York Class for overtime at a wage rate of one and one-half times their regular rate of pay.  Defendant failed to pay the New York Plaintiffs and the New York Class members overtime at a wage rate of one and one-half times the basic minimum hourly rate.

144.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiffs and the New York Class members.

145.    Defendant's violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

146.    Due to Defendant's violations of the NYLL, the New York Plaintiffs and the members of the New York Class are entitled to recover from Defendant their unpaid wages (including overtime wages), liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**FOURTH CAUSE OF ACTION**
**Colorado Wage Laws:  Unpaid Wages**
**On behalf of the Colorado Plaintiff and the Colorado Class**

147.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

148.    At all times relevant, the Colorado Plaintiff and the members of the Colorado Class have been employees and Defendant has been an employer within the meaning of Colorado Wage Laws.  The Colorado Plaintiff and the members of the Colorado Class are covered by Colorado Wage Laws.

149.    Defendant employed the Colorado Plaintiff and the members of the Colorado Class as an employer and/or a joint employer.

150.    Defendant failed to pay the Colorado Plaintiff and the members of the Colorado Class wages to which they are entitled under Colorado Wage Laws.  Defendant failed to pay the Colorado Plaintiff and the members of the Colorado Class for overtime at a wage rate of one and one-half times their regular rate of pay.  Defendant failed to pay the Colorado Plaintiff and the Colorado Class members overtime at a wage rate of one and one-half times the basic minimum hourly rate.

151.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Colorado Plaintiff and the Colorado Class members.

152.    Defendant's violations of Colorado Wage Laws, as described in this Class Action Complaint, have been willful and intentional.

153.    Due to Defendant's violations of Colorado Wage Laws, the Colorado Plaintiff and the members of the Colorado Class are entitled to recover from Defendant their unpaid wages (including overtime wages), liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

### FIFTH CAUSE OF ACTION
**Maine Wage Laws:  Unpaid Wages**
**On behalf of the Maine Plaintiff and the Maine Class**

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    At all times relevant, the Maine Plaintiff and the members of the Maine Class have been employees and Defendant has been an employer within the meaning of the Maine Wage Laws.  The Maine Plaintiff and the members of the Maine Class are covered by the Maine Wage Laws.

156.    Defendant employed the Maine Plaintiff and the members of the Maine Class as an employer and/or a joint employer.

157.    Defendant failed to pay the Maine Plaintiff and the members of the Maine Class wages to which they are entitled under the Maine Wage Laws.  Defendant failed to pay the Maine Plaintiff and the members of the Maine Class for overtime at a wage rate of one and one-half times their regular rate of pay.  Defendant failed to pay the Maine Plaintiff and the Maine Class members overtime at a wage rate of one and one-half times the basic minimum hourly rate.

158.   Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Maine Plaintiff and the Maine Class members.

159.   Defendant's violations of the Maine Wage Laws, as described in this Class Action Complaint, have been willful and intentional.

160.   Due to Defendant's violations of the Maine Wage Laws, the Maine Plaintiff and the members of the Maine Class are entitled to recover from Defendant their unpaid wages (including overtime wages), liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, as provided by law.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons in the FLSA Collective, pray for the following relief:

A.   At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.   Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations;

C.   An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

D.   Pre-judgment interest;

E.   Attorneys' fees and costs of the action; and

F.   Such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs, individually and on behalf of the members of the respective class each represents, pray for the following relief:

A.      Certification of the state law claims in this action as class actions;

B.      Designation of each such plaintiff as a respective Class Representative;

C.      A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

D.      Appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

E.      An award of damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

F.      Restitution;

G.      Pre-Judgment and Post-Judgment interest, as provided by law;

H.      Attorneys' fees and costs of suit, including expert fees and fees; and

I.      Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: June 10, 2013
       New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

By:

Justin M. Swartz
Jennifer L. Liu
Deirdre Aaron

3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Keith M. Stern (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Attorneys for Plaintiffs and the Putative Collective
and Rule 23 Classes*

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against KeyBank, N.A. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against KeyBank, N.A. and/or any related entities or persons potentially liable.

_____
Signature

_____
Print Name

REDACTED
Street Address

REDACTED
Phone Number

Brewer, ME 04412
City, State and Zip Code

REDACTED
Email Address

## CERTIFICATE OF SERVICE

I, Jessica R. Lyons, under penalties of perjury, certify the following as true and correct: I am not a party to this action; and I am over 18 years of age. On this June 10th 2013, I served a true and correct copy of the foregoing: "First Amended Class and Collective Action Complaint" herewith by causing same to be served by US Mail to the following attorney on record for Defendants in this action, whose last known address is:

Andrew P. Karamouzis

Moran & Karamouzis LLP

265 Sunrise Highway

Suite 61

Rockville Centre, NY 11570

Dated: June 10, 2013
      New York, New York

Jessica R. Lyons

Paralegal

Outten & Golden LLP

3 Park Avenue, 29th Floor

New York, NY 10016

Tel: (212) 245-1000

Fax: (212) 977-4005